NO. 07-00-0321-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2001

______________________________

WADE G. BREWTON AKA MARCUS LEE WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 41,400-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to a plea bargain, appellant Wade G. Brewton aka Marcus Lee White was convicted of murder and punishment was assessed at 25 years confinement.  Presenting a sole issue, appellant contends that notwithstanding the expert’s report, there was a bona fide doubt in the mind of the trial court as to appellant’s mental competency to stand trial necessitating a separate hearing pursuant to article 46.02, section 4(a) of the Texas Code of Criminal Procedure.  Based on the rationale expressed herein, we affirm. 

Appellant does not challenge the sufficiency of the evidence to support his conviction.  Thus, only a review of the evidence and record necessary for disposition of appellant’s issue will be addressed.  Trial counsel filed numerous pretrial motions, including a motion for a psychiatric examination.  As grounds, the motion alleged that counsel believed that appellant may not be competent to stand trial and at times, it appeared to counsel that appellant was incapable of understanding the proceedings against him.  Without making any finding or conclusion regarding appellant’s competency, or conducting an evidentiary hearing, by order signed February 16, 2000, the trial court appointed a psychiatrist to examine appellant for the sole purpose of determining whether he was competent to stand trial.  The court further ordered that the psychiatrist provide the court with a written report.  On April 14, 2000, a detailed report was filed by the psychiatrist. Among other things, he reported:

Orientation: 
He was alert and oriented to person, place, situation and date.  It was explained to him that this report was not confidential and that I was not his treating psychiatrist but would be providing my report to the court for purpose of determining competence, which he understood.

Attention and Concentration: 
Attention and concentration were good.  The patient was able to present complex ideas without significant difficulty.  He never lost track of the thread of the interview.  For example, when he said that he did not feel he would get a fair trial, when asked why, part of his response was as follows: “Too many people knew her.  She had an uncle who used to be a judge. There’s a conflict of interest.  The television news station has already convicted me.  They have already found me guilty and interviewed people where she lived and asked them what punishment I should get.  That’s against my constitutional right.”

The psychiatrist concluded his report as follows:

His concentration, memory and reasoning were all within normal limits.  In my expert opinion, this patient is clearly competent to stand trial.

By his sole issue, appellant argues that given the state of the record, the expert’s report notwithstanding, the trial court abused its discretion in failing to empanel a jury for the purpose of conducting a competency hearing prior to accepting his plea of guilty.  Appellant contends the evidence was sufficient to create in the mind of the trial court a bona fide doubt as to whether he met the test of legal competence.  We disagree.

Conceding that trial counsel did not present a motion expressly asserting incompetence thereby waiving a pretrial hearing, Means v. State, 955 S.W.2d 686, 689 (Tex.App.--Amarillo 1997, pet. ref’d), appellant submits that such waiver did not excuse the trial court of the duty to 
sua sponte
 conduct a hearing on competency.  We commence our analysis by noting that there is a general presumption of sanity and a defendant bears the burden of proving his insanity by a preponderance of the evidence.  Martinez v. State, 867 S.W.2d 30, 33 (Tex.Cr.App. 1993), 
cert. denied
, 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed. 2d 879 (1994).  

The test of legal competence is whether a person has sufficient ability to consult with his attorney with a reasonable degree of rational understanding or has a rational as well as factual understanding of the proceedings against him.  Tex. Code Crim. Proc. Ann. art. 46.02 §1A(a) (Vernon Pamph. Supp. 2001); Loftin v. State, 660 S.W.2d 543, 545-46 (Tex.Cr.App. 1983).  According to article 46.02, section 2(b), the trial court is required to hold a competency hearing 
sua sponte
 when evidence comes to the court’s attention raising a bona fide or reasonable doubt as to appellant’s competency.  In general, a bona fide doubt is raised only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant.  
See generally
 Collier v. State, 959 S.W.2d 621, 625 (Tex.Cr.App. 1997) (holding that evidence presented, 
i.e.
, a letter to the court asking that court-appointed attorney be replaced, a motion requesting a court-appointed psychologist to assist the defense, minor complaints regarding the conditions and personnel of the county jail, was insufficient to raise bona fide doubt). 

According to Moore v. State, 999 S.W.2d 385, 393 (Tex.Cr.App. 1999), in determining whether evidence requires a separate jury to conduct a competency hearing, the trial court is to consider only the evidence tending to show incompetency, and a competency hearing is not required unless the evidence is sufficient to create a bona fide doubt in the mind of the judge whether the defendant meets the test of legal competency.  Further, on appeal, the standard of review is whether the trial court abused its discretion by failing to empanel a jury for the purpose of conducting a competency hearing.  
Id
.

The only evidence before the trial court regarding appellant’s alleged incompetency were portions of the expert’s report and eight letters appellant wrote to the court.  Among other things, appellant expressed dissatisfaction with his court-appointed attorney, filed 
pro se
 motions, stated that he had a chemical imbalance in his brain, expressed remorse, and claimed to be suicidal.   He also indicated that he had been previously treated for mental illness and was on medication.  The expert’s report also indicated that appellant gave a history of one prior psychiatric hospitalization some 20 years before the interview, and according to appellant, he had taken medications for 23 years without seeking a psychiatrist, but the expert questioned the validity of appellant’s history by concluding, “[t]his is unimaginable to me.”

Appellant also suggested in his letters that he was depressed and suffered from loss of appetite.  However, because appellant was incarcerated and awaiting trial for murder when he wrote the letters, the trial court could have considered that appellant’s complaints were normal.  No evidence of severe mental illness, mental retardation, or truly bizarre acts was presented.  The limited record before us supports that there was no bona fide doubt as to appellant’s competence to stand trial, and thus, the trial court was not required to conduct a separate hearing 
sua sponte
.  Drope v. Missouri, 420 U.S. 162, 173, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); Ex Parte Johnson, 587 S.W.2d 163, 165 (Tex.Cr.App. 1979).  Therefore, the trial court did not abuse its discretion in proceeding to trial without conducting a competency hearing 
sua sponte
.  Appellant’s sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.