COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-602-CR

DANNY DOYLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Danny Edward Doyle appeals his conviction for possession of more than four but less than 200 grams of methamphetamine.  In two points, he asserts that the trial court abused its discretion by admitting the testimony of an informant and by denying his motion for continuance.  We affirm.  

More than six weeks before trial, appellant filed a motion to require the State to disclose and produce the informants relied upon, a motion for the State’s witness list, and a motion for the State to reveal any agreements it had with potential witnesses, including “Joe E. Rogers.”  A hearing was held on all three motions on November 30, 2004.  At the hearing, the prosecutor agreed to furnish defense counsel with the State’s witness list prior to trial and stated, “[W]e’re not allowed to assert privilege if the confidential informant was present, but since they’re not, we do not anticipate calling them as a witness in this case.” 

The trial court denied appellant’s motion to disclose and produce informants relied upon and did not rule on appellant’s motion for the State to reveal any agreements with potential witnesses.  The following day, the State filed its witness list with the court, which did not include the name of any informants.  

The first day of trial, after voir dire began but before it was completed, the State filed an amended witness list which included the name of an informant, “Joseph Rogers.”  Appellant then filed a motion to prohibit witness testimony, asserting that if the State were permitted to call Rogers as a witness, appellant would be highly prejudiced because he did not anticipate that Rogers would testify and he did not have sufficient time to prepare a cross-examination.  

At a hearing on the motion the next day, the prosecutor explained his reason for not identifying Rogers earlier as follows:  

The reason that was, Judge, is I did not know who the confidential informant was.  It was not until yesterday morning when the officers arrived that they brought their [informant] file that I was able to absolutely confirm the identity of the [informant].  Certainly we had an idea that it was Mr. Rogers and the idea came from their motion they filed on October the 19
th
 that they listed him by name.  One of the police officers verified that Mr. Rogers was, in fact, the confidential informant.  I asked him to locate the whereabouts.  We got lucky.  He was in the Tarrant County jail.  I asked you for a bench warrant and he is this morning in court.    

The trial court denied appellant’s motion to prohibit witness testimony, stating, “Evidently, you knew something about who it could be.  The State I will take in good faith saying they didn’t know where he was.”  

Appellant then made an oral motion for a continuance “so [appellant] could have time to get information on any agreements and have an opportunity to investigate Mr. Rogers a little bit more in depth.”  The trial court denied the motion. 

After hearing all the evidence, a jury found appellant guilty of  possession of methamphetamine and assessed his punishment at fifteen years’ imprisonment.  

In his first point, appellant asserts that the trial court abused its discretion 

by allowing the State to supplement its witness list on the first day of trial by adding a witness who was previously omitted from the list.  Appellant contends that he relied on the prosecutor’s statement that the State did “not anticipate calling” the informant, that the prosecutor acted in bad faith by failing to disclose the name of the informant earlier, and that appellant’s trial counsel could not have reasonably anticipated that the informant would have testified. 

Generally, notice of the State’s witnesses shall be given upon request.
(footnote: 2)  If the trial court allows a witness who is not on the State’s witness list to testify, we review that decision for abuse of discretion.
(footnote: 3)  As long as the trial court’s ruling falls within the zone of reasonable disagreement, we will affirm its decision.
(footnote: 4)  The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 5) 

Among the factors a reviewing court considers in determining whether a trial court abused its discretion by allowing a witness who is not on the State’s witness list to testify are  (1) whether the State’s actions in calling a previously undisclosed witness constituted bad faith, and (2) whether the defendant could have reasonably anticipated that the witness would testify.
(footnote: 6)  In determining whether the State acted in bad faith, the principal area of inquiry is whether the defense shows that the State intended to deceive the defendant by failing to provide the defense with a witness’s name.
(footnote: 7)  In examining whether the defense could have reasonably anticipated that the State would call the witness, reviewing courts generally examine (1) the degree of surprise to the defendant;
(footnote: 8)  (2) the degree of disadvantage inherent in that surprise (i.e., the defendant was aware of what the witness would say, or the witness testified about cumulative or uncontested issues);
(footnote: 9) and (3) the degree to which the trial court was able to remedy that surprise (i.e., by granting the defense a recess, postponement, or continuance, or by ordering the State to provide the witness’s criminal history).
(footnote: 10)
 In this case, there is no evidence in the record showing that the State intended to deceive appellant by failing to list Rogers as a witness prior to trial.  At worst, all the record shows is that, at the time the State provided its witness list to appellant, the prosecutor did not anticipate calling Rogers as a witness because he had not positively identified Rogers as the informant and was uncertain about his location.  

Based on this record, and allowing the trial court the deference we are required to give it, we cannot say that the trial court abused its discretion in finding that the State did not act in bad faith by failing to disclose Rogers as a witness prior to trial.
(footnote: 11)
 Further, the record shows that appellant could have reasonably anticipated that Rogers would testify and the degree of disadvantage inherent in any surprise that appellant experienced as a result of Rogers’s testimony was slight.  As the trial court observed, appellant “knew something about who [the informant] could be.”  The record shows that appellant was indeed familiar with Rogers and knowledgeable about his involvement as an informant in the case.  During cross-examination, appellant’s trial counsel asked detailed questions about Rogers’s relationship to appellant, the presence of other people at appellant’s home who could have possessed the methamphetamine in question, and the amount Rogers was supposed to get paid for acting as an informant in this case.  

The record further shows that appellant was not harmed by Rogers’s testimony because appellant was able to call a rebuttal witness, who testified that Rogers’s testimony was not truthful.  Additionally, the prosecutor provided Rogers’s extensive criminal history to appellant, which aided in Rogers’s impeachment during cross examination and alleviated any surprise related to his testimony. 

For all of these reasons, we hold that the trial court did not abuse its discretion by allowing Rogers to testify or by denying appellant’s motion for continuance.
(footnote: 12)  We overrule appellant’s points. 

Having overruled appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED:  December 14, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Martinez v. State
, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993)
 cert. denied
, 512 U.S. 1246 (1994); 
Young v. State
, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977).  

3:
Martinez
, 867 S.W.2d at 39; 
Hardin v. State
, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref’d).

4:
Moses v. State
, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  

5:
Manning v. State
, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).  

6:
Nobles v. State
, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992); 
Stoker v. State
, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989), 
cert. denied
, 498 U.S. 951 (1990); 
Fincher v. State
, 980 S.W.2d 886, 888 (Tex. App.—Fort Worth 1998, pet. ref’d).

7:
See Nobles
, 843 S.W.2d at 515;
  Richardson v. State
, 744 S.W.2d 65, 78 (Tex. Crim. App. 1987)
, vacated & remanded on other grounds
,  492 U.S. 914, 109 S.Ct. 3235 (1989); 
Hardin
, 20 S.W.3d at 88.  In determining bad faith, courts have also examined whether the State’s notice left the defense adequate time to prepare and whether the State freely provided the defense with information.  
See Richardson
, 744 S.W.2d at 78; 
Pinkerton v. State,
 660 S.W.2d 58, 64 (Tex. Crim. App. 1983); 
Hardin
, 20 S.W.3d at 88.

8:
See Martinez
, 867 S.W.2d at 39; 
Nobles
, 843 S.W.2d at 515; 
Hardin
, 20 S.W.3d at 88.

9:
See Hernandez
, 819 S.W.2d 806, 816 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 974 (1992);
 Goodley v. State
, 457 S.W.2d 294, 296 (Tex. Crim. App. 1970); 
Hardin
, 20 S.W.3d at 88.

10:
See Hernandez
, 819 S.W.2d at 816; 
Stoker
, 788 S.W.2d at 15; 
Richardson
, 744 S.W.2d at 77; 
Bridge v. State
, 726 S.W.2d 558, 566-67 (Tex. Crim. App. 1986); 
Pinkerton
, 660 S.W.2d at 64; 
Hardin
, 20 S.W.3d at 88.

11:
See Martinez
, 867 S.W.2d at 39 (stating that the State did not act in bad faith when the prosecutor notified the defense attorney as soon as the previously undisclosed witness was located).  

12:
See Horner v. State
, 129 S.W.3d 210, 214-16 (Tex. App.—Corpus Christi, 2004, pet. ref’d), 
cert. denied
, 545 U.S. 1116 (2005) (holding that where the record shows that the prosecutor did not act in bad faith and that appellant was not disadvantaged by the surprise caused by an undisclosed witness, the trial court did not abuse its discretion in allowing the witness to testify).