COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-602-CR

 

 

DANNY DOYLE                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Danny Edward Doyle appeals his
conviction for possession of more than four but less than 200 grams of
methamphetamine.  In two points, he
asserts that the trial court abused its discretion by admitting the testimony
of an informant and by denying his motion for continuance.  We affirm. 









More than six weeks before trial, appellant filed
a motion to require the State to disclose and produce the informants relied
upon, a motion for the State=s
witness list, and a motion for the State to reveal any agreements it had with
potential witnesses, including AJoe E.
Rogers.@  A hearing was held on all three motions on
November 30, 2004.  At the hearing, the
prosecutor agreed to furnish defense counsel with the State=s
witness list prior to trial and stated, A[W]e=re not
allowed to assert privilege if the confidential informant was present, but
since they=re not, we do not anticipate
calling them as a witness in this case.@ 

The trial court denied appellant=s motion
to disclose and produce informants relied upon and did not rule on appellant=s motion
for the State to reveal any agreements with potential witnesses.  The following day, the State filed its
witness list with the court, which did not include the name of any
informants.  








The first day of trial, after voir dire began but
before it was completed, the State filed an amended witness list which included
the name of an informant, AJoseph
Rogers.@  Appellant then filed a motion to prohibit
witness testimony, asserting that if the State were permitted to call Rogers as
a witness, appellant would be highly prejudiced because he did not anticipate
that Rogers would testify and he did not have sufficient time to prepare a
cross-examination.  

At a hearing on the motion the next day, the
prosecutor explained his reason for not identifying Rogers earlier as
follows:  

The reason that was,
Judge, is I did not know who the confidential informant was.  It was not until yesterday morning when the
officers arrived that they brought their [informant] file that I was able to
absolutely confirm the identity of the [informant].  Certainly we had an idea that it was Mr.
Rogers and the idea came from their motion they filed on October the 19th
that they listed him by name.  One of the
police officers verified that Mr. Rogers was, in fact, the confidential
informant.  I asked him to locate the
whereabouts.  We got lucky.  He was in the Tarrant County jail.  I asked you for a bench warrant and he is
this morning in court.    

 

The trial court denied appellant=s motion
to prohibit witness testimony, stating, AEvidently,
you knew something about who it could be. 
The State I will take in good faith saying they didn=t know
where he was.@ 


Appellant then made an oral motion for a
continuance Aso [appellant] could have time
to get information on any agreements and have an opportunity to investigate Mr.
Rogers a little bit more in depth.@  The trial court denied the motion. 

After hearing all the evidence, a jury found
appellant guilty of  possession of
methamphetamine and assessed his punishment at fifteen years=
imprisonment.  








In his first point, appellant asserts that the
trial court abused its discretion 

by allowing the State to supplement its witness list on the first day
of trial by adding a witness who was previously omitted from the list.  Appellant contends that he relied on the
prosecutor=s statement that the State did Anot
anticipate calling@ the informant, that the
prosecutor acted in bad faith by failing to disclose the name of the informant
earlier, and that appellant=s trial
counsel could not have reasonably anticipated that the informant would have
testified. 








Generally, notice of the State=s
witnesses shall be given upon request.[2]  If the trial court allows a witness who is
not on the State=s witness list to testify, we
review that decision for abuse of discretion.[3]  As long as the trial court=s ruling
falls within the zone of reasonable disagreement, we will affirm its decision.[4]  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate court would in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.[5]









Among the factors a reviewing court considers in
determining whether a trial court abused its discretion by allowing a witness
who is not on the State=s witness list to testify
are  (1) whether the State=s
actions in calling a previously undisclosed witness constituted bad faith, and
(2) whether the defendant could have reasonably anticipated that the witness
would testify.[6]  In determining whether the State acted in bad
faith, the principal area of inquiry is whether the defense shows that the
State intended to deceive the defendant by failing to provide the defense with
a witness=s name.[7]  In examining whether the defense could have
reasonably anticipated that the State would call the witness, reviewing courts
generally examine (1) the degree of surprise to the defendant;[8]  (2) the degree of disadvantage inherent in
that surprise (i.e., the defendant was aware of what the witness would say, or
the witness testified about cumulative or uncontested issues);[9]
and (3) the degree to which the trial court was able to remedy that surprise
(i.e., by granting the defense a recess, postponement, or continuance, or by
ordering the State to provide the witness=s
criminal history).[10]

In this case, there is no evidence in the record
showing that the State intended to deceive appellant by failing to list Rogers
as a witness prior to trial.  At worst,
all the record shows is that, at the time the State provided its witness list
to appellant, the prosecutor did not anticipate calling Rogers as a witness
because he had not positively identified Rogers as the informant and was
uncertain about his location.  








Based on this record, and allowing the trial
court the deference we are required to give it, we cannot say that the trial
court abused its discretion in finding that the State did not act in bad faith
by failing to disclose Rogers as a witness prior to trial.[11]

Further, the record shows that appellant could
have reasonably anticipated that Rogers would testify and the degree of
disadvantage inherent in any surprise that appellant experienced as a result of
Rogers=s
testimony was slight.  As the trial court
observed, appellant Aknew something about who [the
informant] could be.@ 
The record shows that appellant was indeed familiar with Rogers and
knowledgeable about his involvement as an informant in the case.  During cross-examination, appellant=s trial
counsel asked detailed questions about Rogers=s
relationship to appellant, the presence of other people at appellant=s home
who could have possessed the methamphetamine in question, and the amount Rogers
was supposed to get paid for acting as an informant in this case.  








The record further shows that appellant was not
harmed by Rogers=s testimony because appellant was
able to call a rebuttal witness, who testified that Rogers=s
testimony was not truthful. 
Additionally, the prosecutor provided Rogers=s
extensive criminal history to appellant, which aided in Rogers=s
impeachment during cross examination and alleviated any surprise related to his
testimony. 

For all of these reasons, we hold that the trial
court did not abuse its discretion by allowing Rogers to testify or by denying
appellant=s motion for continuance.[12]  We overrule appellant=s
points. 

Having overruled appellant=s two
points, we affirm the trial court=s
judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; DAUPHINOT
and GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)       

 

DELIVERED:  December 14, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Martinez v. State, 867 S.W.2d 30, 39 (Tex.
Crim. App. 1993) cert. denied, 512 U.S. 1246 (1994); Young v. State,
547 S.W.2d 23, 27 (Tex. Crim. App. 1977). 






[3]Martinez, 867 S.W.2d at 39; Hardin
v. State, 20 S.W.3d 84, 88 (Tex. App.CTexarkana 2000, pet. ref=d).





[4]Moses v. State, 105 S.W.3d 622, 627
(Tex. Crim. App. 2003).  





[5]Manning v. State, 114 S.W.3d 922, 926
(Tex. Crim. App. 2003).  





[6]Nobles v. State, 843 S.W.2d 503, 514‑15
(Tex. Crim. App. 1992); Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim.
App. 1989), cert. denied, 498 U.S. 951 (1990); Fincher v. State,
980 S.W.2d 886, 888 (Tex. App.CFort Worth 1998, pet. ref=d).





[7]See Nobles, 843 S.W.2d at 515;  Richardson v. State, 744 S.W.2d 65, 78
(Tex. Crim. App. 1987), vacated & remanded on other grounds,  492 U.S. 914, 109 S.Ct. 3235 (1989); Hardin,
20 S.W.3d at 88.  In determining bad
faith, courts have also examined whether the State=s notice left the defense
adequate time to prepare and whether the State freely provided the defense with
information.  See Richardson, 744
S.W.2d at 78; Pinkerton v. State, 660 S.W.2d 58, 64 (Tex. Crim. App.
1983); Hardin, 20 S.W.3d at 88.





[8]See Martinez, 867 S.W.2d at 39; Nobles,
843 S.W.2d at 515; Hardin, 20 S.W.3d at 88.





[9]See Hernandez, 819 S.W.2d 806, 816
(Tex. Crim. App. 1991), cert. denied, 504 U.S. 974 (1992); Goodley v.
State, 457 S.W.2d 294, 296 (Tex. Crim. App. 1970); Hardin, 20 S.W.3d
at 88.





[10]See Hernandez, 819 S.W.2d at 816; Stoker,
788 S.W.2d at 15; Richardson, 744 S.W.2d at 77; Bridge v. State,
726 S.W.2d 558, 566‑67 (Tex. Crim. App. 1986); Pinkerton, 660
S.W.2d at 64; Hardin, 20 S.W.3d at 88.





[11]See Martinez, 867 S.W.2d at 39
(stating that the State did not act in bad faith when the prosecutor notified
the defense attorney as soon as the previously undisclosed witness was
located).  





[12]See Horner v. State, 129 S.W.3d 210, 214-16
(Tex. App.CCorpus Christi, 2004,
pet. ref=d), cert. denied,
545 U.S. 1116 (2005) (holding that where the record shows that the prosecutor
did not act in bad faith and that appellant was not disadvantaged by the
surprise caused by an undisclosed witness, the trial court did not abuse its
discretion in allowing the witness to testify).