COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THEODEN TAFOYA, | § | |
| | | No. 08-08-00214-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20050D02000) |
| | § | |

**O P I N I O N**

This is an appeal of a conviction for murder and aggravated assault. A jury found Appellant guilty and sentenced to him to 55 years' imprisonment for murder and 30 years' for aggravated assault. He appeals on the basis that the court erred in admitting the out-of-court statement by Jason Naumis to the police in violation of the Confrontation Clause.

On February 16, 2005, Appellant, known as "Chico," telephoned April Garcia repeatedly, despite her objections. Soon afterwards, Ms. Garcia heard a knock on the door of a house she shared with her husband, Mr. Jason Naumis, and a friend, Mr. Francisco Aleman. When she opened the inner door, she could not see anybody on the porch. But Ms. Garcia was scared, and she went to get her husband, but could not wake him. She then got Mr. Aleman up and he went to the front door.

Moments later, Mr. Aleman ran past Ms. Garcia, who was then in the kitchen, to his room. He was holding his arm, so she followed him to his room. She found him lying on the floor and shaking. Ms. Garcia then went back to the front of the house, and found Appellant

waiting, holding a rifle. He forced her to wake Mr. Naumis and then ordered them both into the living room.

Ms. Garcia and Mr. Naumis were seated on the couch as Appellant reloaded his rifle. Appellant then ordered them both to stand and when they did, Appellant shot Mr. Naumis. Ms. Garcia fled towards her bedroom, grabbed her daughters who were standing in the doorway, and they ran out the door. As she fled, she claimed that she saw or heard Appellant shoot Mr. Aleman. Ms. Garcia and her daughters ran to her aunt's house, where they called 911.

El Paso Police Officers Torres and Cisneros responded to the call and arrived at the Naumis-Garcia house first. Officers Cordova and Flores arrived seconds later. Officers Cordova and Torres found Mr. Naumis lying in the driveway of the house in a fetal position. Mr. Naumis was moaning and in pain. The two officers still handcuffed him. When Emergency Medical Services arrived, Officer Cordova uncuffed Mr. Naumis, and actually saw a bullet come out of his right side. Mr. Naumis died soon afterwards as a result of the gunshot to his abdomen.

As additional officers arrived, the Appellant eventually walked out of the house with his hands up in the air, saying: "I did it." Officer Alberto Gloria handcuffed Appellant, patted him down, and placed him into a patrol vehicle. A later pat-down of Appellant turned up several live .22 rounds. The rifle that was recovered in the house was a .22 semiautomatic.

Officers Cisneros and Flores found Mr. Aleman inside the house with gunshot wounds to his arm and legs.

On May 4, 2005, Appellant was charged by indictment with the murder of Mr. Naumis (Count I) and aggravated assault of Mr. Aleman (Count II). Although Appellant pled not guilty, the jury found Appellant guilty as charged on both counts. Appellant only appeals the murder

conviction.

Appellant's sole issue is that the trial court erred in admitting testimony regarding Mr. Naumis's statement that Appellant shot him based on the claim that his constitutional right to confront his accusers was violated.

In order to preserve a complaint concerning the admission of evidence for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling desired from the court, unless the specific grounds were apparent from the context. *See* TEX.R.APP.P. 33.1; *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). In order to be considered timely, the objection must be made at the first opportunity or as soon as the basis of the objection becomes apparent. *See Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App. 1997), *cert. denied*, 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997); *Martinez v. State*, 867 S.W.2d 30, 35 (Tex.Crim.App. 1993). An objection must be made each time inadmissible evidence is offered, and there is no error if the objected-to evidence is admitted elsewhere without objection. *See Ethington*, 819 S.W.2d at 858. Further, the argument raised on appeal must correspond to the objection made at trial. *Martinez*, 867 S.W.2d at 35. Even constitutional errors may be waived by the failure to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990).

Appellant argues that the out-of-court statement by Mr. Naumis indicating Appellant shot him was inadmissible because it violated the Confrontation Clause. In the jury's presence, Appellant objected to Officers Cordova and Torres's testimonies regarding Mr. Naumis's statement to the officers when they arrived at the Naumis-Garcia residence and observed Mr. Naumis lying in the driveway in a fetal position. Appellant first objected to Officer

Cordova's testimony regarding what Mr. Naumis stated solely based on hearsay, and after the prosecution stated, "I believe the predicate for an excited utterance has been laid," the court overruled Appellant's objection. Officer Cordova then testified that Mr. Naumis told him, "Chico shot me," and Appellant made no further objections to this particular testimony.

Appellant then objected to Officer Torres's testimony regarding what Mr. Naumis stated on the bases of hearsay and "the protection provided by *Crawford [v.] Washington*." In response, the State argued that the testimony is admissible based on the excited utterance and dying declaration exceptions to hearsay. Appellant then contended that "no foundation [was] laid for the dying declaration [hearsay exception]," but the court overruled Appellant's objection. Officer Torres proceeded to testify Mr. Naumis told him, "Chico shot me," and Appellant made no further objections to this testimony.

Even though Appellant objected to Mr. Naumis's statement on the basis of the Confrontation Clause when Officer Torres testified, he failed to object to the admission of Mr. Naumis's statement when it was first testified to by Officer Cordova on such grounds. Based on these facts, the objection was not made at the first opportunity, and it was not made each time the alleged inadmissible evidence was offered. *See Lagrone*, 942 S.W.2d at 618; *Martinez*, 867 S.W.2d at 35; *Ethington*, 819 S.W.2d at 858. As such, Appellant failed to preserve error by objecting properly to the evidence, and so he has waived any complaints he has based on the Confrontation Clause. *See* TEX.R.APP.P. 33.1; *Ethington*, 819 S.W.2d at 858. Accordingly, we overrule Appellant's sole issue.

Having overruled Appellant's issue presented for review, we affirm the trial court's judgment.

November10, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)