**Opinion filed April 25, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00126-CR

_____

### BRAVLIO DELACRUZ GONZALES A/K/A BRAVITO GONZALES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17520B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Bravlio Delacruz Gonzales a/k/a Bravito Gonzales, of the felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012). Upon finding the enhancement allegation to be true, the jury assessed Appellant's punishment at confinement for fifteen years and a fine of $5,000. We affirm.

Appellant presents two issues for review. In these issues, Appellant contends that the trial court erred in permitting two expert witnesses to testify at trial when the State had not designated either witness as an expert. One of these witnesses was Stephanie Rollins, a forensic specialist who compared Appellant's known fingerprints to the fingerprints on the judgments

from two prior DWI convictions that were alleged in the indictment as elements of the offense of felony DWI and also to the fingerprints in a pen packet from the attempted burglary conviction that was alleged as an enhancement in the indictment. The other expert was Herman Carrel, a forensic scientist employed by the Texas Department of Public Safety. Carrel worked in the Abilene crime lab and performed a blood alcohol analysis on blood drawn from Appellant after his arrest for DWI in this case.

The record shows that the trial court had granted Appellant's pretrial motion requesting the designation of all expert witnesses, along with their qualifications and a description of their contemplated testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (West Supp. 2012). Although the State provided Appellant with a list of witnesses that included both Rollins and Carrel, the State did not designate Rollins and Carrel as experts. Over Appellant's objection at trial that the State had not complied with the court's order requiring the designation of expert witnesses, the trial court permitted the expert testimony of both Rollins and Carrel. The trial court specifically stated that Appellant was not surprised or harmed by the State's failure to designate Rollins as an expert.

We review the trial court's decision to permit Rollins and Carrel to testify as experts under an abuse of discretion standard. *See Wood v. State*, 18 S.W.3d 642, 649–50 (Tex. Crim. App. 2000). In determining whether the trial court abused its discretion, we consider whether the State's actions constituted bad faith and whether Appellant could have reasonably anticipated the witnesses' testimony. *See id.*; *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993). Appellant does not contend that the State acted in bad faith in failing to designate its experts, and nothing in the record indicates any bad faith on the part of the State. The prosecutor who tried this case inherited it from another prosecutor and was not aware of the trial court's order to designate expert witnesses. Furthermore, the record shows that the State had provided Appellant with a list of witnesses that contained Rollins's and Carrel's names along with other discovery, including Carrel's alcohol analysis lab report. The State had also permitted defense counsel full access to the State's file prior to trial. Carrel's testimony as an expert should have been anticipated by Appellant based upon the contents of the lab report, which indicates that Carrell is a "Forensic Scientist II" and that his analysis showed that Appellant's blood sample contained 0.12 grams of alcohol per 100 milliliters of blood. Furthermore, Appellant could have reasonably anticipated that the State would call a fingerprint expert to meet its burden to prove

Appellant's identity as the person who had committed the prior offenses alleged in the indictment. *See Irvine v. State*, 857 S.W.2d 920, 927 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). Accordingly, we cannot hold that the trial court abused its discretion in allowing Rollins and Carrel to testify. We overrule both of Appellant's issues on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


April 25, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.