In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00099-CR


______________________________




MICHAEL MARION ALLEN, SR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,601-2001




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N


 

 Michael Marion Allen, Sr. was indicted on five charges of aggravated kidnapping, (1) two
charges of aggravated assault with a deadly weapon, (2) and one charge of felon in possession of
firearms. (3) By agreement between the State and Allen, all cases were consolidated for purposes of
trial, and in a single hearing, Allen waived formal reading of the indictments on all charges and
pleaded guilty to all charges and enhancements thereto, and the trial court found him guilty on each
cause. 

 Allen elected to have the jury decide his punishment. The jury returned a verdict assessing
punishment at seventy-five years' imprisonment. The trial court sentenced Allen in accordance with
the jury's verdict. Sentences in all causes were to run concurrently. Allen filed a timely Notice of
Appeal. 

 Allen raises two issues on appeal: 1) that the trial court committed reversible error in failing
to sustain his challenge for cause to a prospective juror and 2) that the trial court committed
reversible error in excluding evidence favorable to him at punishment. One brief was filed by each
party for this case and all companion cases, raising the same issues in each case.

Disposition

 We have reviewed both briefs and all the arguments raised therein in our opinion issued this
date in Michael Marion Allen, Sr. v. State of Texas, No. 06-01-00096-CR. 

 For the reasons stated in that opinion, we affirm the judgment.



 Ben Z. Grant

 Justice


Date Submitted: April 22, 2002

Date Decided: May 21, 2002


Do Not Publish
1. Nos. 06-01-00096-CR (Trial Court No. 16,597-2001); 06-01-00097-CR (Trial Court No.
16,598-2001); 06-01-00099-CR (Trial Court No. 16,601-2001); 06-01-00100-CR (Trial Court No.
16,602-2001); 06-01-00101-CR (Trial Court No. 16,603-2001). 
2. Nos. 06-01-00102-CR (Trial Court No. 16,607-2001); 06-01-00103-CR (Trial Court No.
16,608-2001).
3. No. 06-01-00098-CR (Trial Court No. 16,599-2001).



ved at trial). Fundamental errors are violations of rights which are
"waivable only" or denials of absolute systemic requirements, neither of which must be preserved
by objection. Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Marin, 851 S.W.2d
at 279. 

 Here, Flint fails to cite any authority holding that the alleged errors are fundamental errors,
and he admits that he did not object at trial to the use of the pseudonym or the constitutionality of
Article 57.02. 

 Article 57.02 implicates a defendant's constitutional due process rights. Washington v. State,
59 S.W.3d 260 (Tex. App.--Texarkana 2001, pet. ref'd) (notice requirement). A defendant,
however, may waive any constitutional errors by failing to object at trial. Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996); Wise v. State, 223 S.W.3d 548, 554 (Tex. App.--Amarillo
2007, pet. ref'd) (even constitutional rights may be waived). The Sixth Amendment rights to
confrontation and public trial must be preserved at trial, and the failure to object on a timely basis
results in waiver. Levine v. United States, 362 U.S. 610, 619 (1960) (failure to raise public-trial
objection at trial forfeited right to raise complaint on appeal); Dewberry v. State, 4 S.W.3d 735, 752
(Tex. Crim. App. 1999) (waived confrontation-clause issue by failing to object); Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990) (failure to object at trial resulted in waiver of right to
confrontation); Brandley v. State, 691 S.W.2d 699, 707 (Tex. Crim. App. 1985) (right to public trial
must be preserved).

 The alleged errors are not fundamental in nature. (3) By failing to object at trial, Flint waived
these claims. Therefore, Flint's points of error related to the victim's use of the pseudonym were not
preserved for our review. Flint's contentions of error are overruled. 

(2) Allowing Terry to Testify Was Not Error and Was Not Preserved

 In March 2006, two years before his trial, Flint filed a motion for discovery seeking the
production and disclosure of nine designated items; among the requested items, however, was not
the names or addresses of the State's witnesses. About a year later, the State filed an application for
subpoena listing the State's potential witnesses. The application did not name or include Terry. On
February 20, 2008, about two weeks before trial, the State filed a second application for subpoena
naming Terry as a potential witness. The record does not show that the trial court either ordered the
State to provide a witness list or to forward either application to Flint. 

 Approximately five days before trial, in a conference with Flint's trial counsel, the State
provided Flint with a witness list that included Terry as an expert who would testify in rebuttal or
during the punishment phase of the trial. In a motion in limine, Flint moved to exclude Terry as a
witness because of late disclosure. The trial court denied the motion. During the punishment phase
of the trial, the State called Terry to testify, and Flint renewed his objection. The trial court
overruled the objection and allowed Terry to testify. Flint then cross-examined Terry. Flint did not
seek a continuance at any time.

 Flint argues that the trial court abused its discretion by allowing Terry to testify. The State
argues that Flint failed to request the names of State witnesses through discovery, that five days was
sufficient time in which to prepare for the cross-examination of Terry, and that, if Flint wanted more
time, he should have requested a continuance. 

 Article 39.14(b) of the Texas Code of Criminal Procedure states that, 

 on motion of a party and on notice to the other parties, the court in which an action
is pending may order one or more of the other parties to disclose to the party making
the motion the name and address of each person the other party may use at trial to
present evidence.


Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon 2005). When requested by a criminal defendant,
and when ordered to do so by the trial court, the State must give notice of its witnesses before trial. 
Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); Stoker v. State, 788 S.W.2d 1, 15
(Tex. Crim. App. 1989). 

 In the absence of court-ordered disclosure, our standard of review is whether the trial court
abused its discretion in allowing a previously undisclosed witness to testify. See Stoker, 788 S.W.2d
at 15 (citing Bridge v. State, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986)). Two factors to be
considered in determining whether the trial court abused its discretion is to see if the record
establishes bad faith on the part of the State in failing to provide the advance witness disclosure and
if the defendant could have reasonably anticipated that the witness would testify, even without such
express notice. Id. (citing Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App. [Panel Op.]
1981)). 

 In the event the trial court abuses its discretion in overruling a defendant's objection to a
previously undisclosed witness, the defendant's failure to move for a continuance renders any error
harmless. Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (defendant objected to
previously undisclosed witness, but error was harmless because he failed to move for continuance);
Gonzales v. State, 4 S.W.3d 406, 416 n.6 (Tex. App.--Waco 1999, no pet.). In the case of Rushing
v. State, 50 S.W.3d 715, 729 (Tex. App.--Waco 2001, pet. ref'd), the State disclosed a witness on
the morning before voir dire began, and despite the State offering no explanation of why the witness'
name had not been previously provided, the appellate court, citing Barnes and noting that the
defendant failed to request a continuance, and "assuming the trial court abused its discretion,"
affirmed the trial court's decision to allow said witness to testify over the defendant's objection. 

 The record in this case does not reflect a court-ordered disclosure, and Flint's pretrial
discovery motion did not request a list of the State's witnesses. Five days before trial, the State
provided Flint with notification that Terry was a potential witness. Similar to the defendants in
Barnes and Rushing, Flint objected to the witness but failed to move for a continuance. Therefore,
an abuse-of-discretion analysis is unnecessary because, even assuming the trial court abused its
discretion, the failure to request a continuance rendered any such error harmless. Barnes, 876
S.W.2d at 328. Accordingly, we overrule this point of error. 

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 16, 2009

Date Decided: August 7, 2009


Do Not Publish

 
1. Flint pled guilty to the count of aggravated sexual assault and to one count of indecency with
a child by sexual contact; he pled not guilty to the remaining two charges. 
2. Flint received sentences of ten years' imprisonment for each of the three counts of indecency
with a child and fifty years' imprisonment for aggravated sexual assault, with the sentences to be
served concurrently.
3. There is no indication or claim that Flint did not know the identity of the child claiming to
be the victim.