NO. 07-09-00323-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
19, 2010

 



 

ROCKY A. HILL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-419,474; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

Appellant, Rocky A. Hill, entered a
plea of guilty to four counts of aggravated robbery[1]
without benefit of any plea bargain. 
After hearing the punishment evidence, the trial court assessed
appellant’s punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a period of 20 years on each
count.  Appellant appeals this judgment.  We affirm.

 

Factual and
Procedural Background

Appellant presents a single issue for
our consideration.  Because the issue
raised by appellant does not touch upon the legal or factual sufficiency of the
evidence to support the convictions, we will limit our recitation of the facts
to those that are germane to the issue.  

Appellant was indicted on four counts
of aggravated robbery on March 25, 2008. 
On July 9, 2008, appellant’s trial counsel filed a motion suggesting
appellant’s incompetency to stand trial, and requesting that the trial court
enter an order for the examination of appellant by a competent expert.  The trial court entered an order to have
appellant examined by Dr. Robert Morgan to determine appellant’s competency to
stand trial.[2]  Appellant was examined by Dr. Robert Morgan
and Dr. Lucas Shaw.  Based on the
examination, the doctors reported back to the trial court that appellant was
competent to stand trial.  Subsequent to
the competency examination, appellant’s trial counsel filed a request to have
appellant examined regarding the issue of an insanity defense.[3]  On October 29, 2008, the trial court ordered
a second examination by Dr. Morgan on the issue of competency to stand
trial.  Notwithstanding the trial court’s
order, Dr. Morgan examined appellant concerning insanity on July 28, 2009.  The report of this examination was filed with
the district clerk’s office on August 5, 2009. 


On August 17, 2009, appellant entered
guilty pleas, to each of the four counts of aggravated robbery.  After receiving appellant’s guilty pleas the
trial court ordered a pre-sentence investigation[4]
and set the hearing on punishment for August 31, 2009.  During the punishment hearing, both Dr.
Morgan and Dr. Shaw testified about the results of the competency examination
and the examination conducted for purposes of an insanity defense.  Each doctor testified that appellant was
competent to stand trial and that, at the time of commission of the indicted
offenses, the appellant “was not suffering from a mental disease or defect such
that he did not know that his conduct was wrong.”  Both doctors did testify that appellant
suffered from various mental health issues ranging from psychotic disorder not
otherwise specified, poly-substance dependence, and
malingering.  Appellant’s family also
presented testimony regarding appellant’s apparent mental health issues.  After hearing all of this evidence, the trial
court sentenced appellant to four concurrent 20 year sentences.  It is from these judgments that appellant
appeals.

Appellant presents a single issue alleging
that “the trial court abused its discretion in failing to give due weight and
consideration to the mental disposition of the [appellant] and the possible
effect of not having available the diagnosis of the unclassified psychosis to
inform its determination of the level of punishment to assess.”  This issue is multifarious, at best, and
makes it difficult for the Court to determine what action the trial court took
or failed to take that led to appellant’s rights being violated or the entry of
an erroneous judgment.  See Tex. R. App. P. 38.1(f).[5]  However, we will consider the issue raised in
light of the brief filed and try to determine, with reasonable certainty, the
alleged error of which appellant complains. 
See Stults v. State, 23
S.W.3d 198, 205 (Tex.App.—Houston [14th
Dist.] 2000, pet. ref’d).  

Appellant appears to argue that,
based on the evidence presented during the punishment hearing, the trial court
had a duty to stop the punishment hearing on its own motion, and order
appellant be further examined for purposes of an insanity defense.  Additionally, appellant appears to contend
that this court should change the law in the State of Texas to recognize
“irresistible impulse” as a defense to prosecution under the provisions of the
insanity defense.  We find no error in
the procedure followed by the trial court and, therefore, we will affirm the
trial court’s judgment.

Raising the Insanity Defense

A criminal defendant who desires to
raise the insanity defense does so by following the guidelines set forth in
chapter 46C of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. ch. 46C.   Under Texas law, insanity is an affirmative
defense to prosecution.  See Tex. Penal Code Ann. § 8.01 (Vernon 2003), Martinez v. State,
867 S.W.2d 30, 34 (Tex.Crim.App. 1993).  Under the current statutory scheme, a
criminal defendant is required to file a notice of intent to raise an insanity
defense at least 20 days before the case is set for trial.  See Tex.
Code Crim. Proc. Ann. art.
46C.051(b)(2).[6]  This process must be met or the criminal
defendant will not be allowed to introduce evidence on the issue of insanity,
absent good cause for failure to give the required notice.  See art. 46C.052.


In the case before the Court,
appellant’s counsel did not give the required notice.  The record reflects that a report of the
doctors’ second examination of appellant was filed in the district clerk’s
office on August 5, 2009.  This is within
the 20 day period of the statute.  See
art. 46C.051(b)(2). 
However, appellant’s trial counsel did not seek either a continuance or
a ruling that good cause existed for not giving the requisite 20 day
notice.  Whether or not counsel should
have done either is not an issue before this Court.  Simply speaking, any claimed error relating
to the trial court’s failure to consider evidence of appellant’s insanity
defense was not preserved for our review. 
See Rule 33.1(a)(1)(A).  

As to appellant’s contention that the
trial court should have sua sponte
stopped the punishment hearing upon receiving evidence of appellant’s mental
health issues, appellant has presented no authority for that proposition.  Although appellant likens that procedure to
the procedure adopted for determining the competency of an individual to stand
trial, such comparison is without any authority.[7]  In fact, in ruling on the issue of the trial
court’s duty to sua sponte order
an examination for purposes of an insanity defense under the previous statute,
our sister court has held that, since no notice was filed, there was no issue
of insanity before the trial court and the trial court had no duty to sua sponte order
any type of psychiatric examination.  See
Gomez v. State, Nos. 14-99-00465-CR & 14-99-00466-CR, 2001 Tex.App. LEXIS 2094, at *9-*12 (Tex.App.—Houston [14th Dist.] Mar. 29, 2001, pet. ref’d)
(not designated for publication).  We
agree with the Gomez court, and hold that the trial court has no duty to
sua sponte stop
the punishment hearing to order a psychiatric examination for purposes of an
insanity defense when no timely notice of intent to pursue such a defense has
been given.  Accordingly, appellant’s
issue as to the sua sponte duty
of the trial court is overruled.

Conclusion

Having overruled appellant’s
contention, the judgment of the trial court is affirmed.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Publish.

Campbell, J., concurring.      











[1] See Tex.
Penal Code Ann. § 29.03(a)(3) (Vernon 2003).





[2] See Tex.
Code Crim. Proc. Ann. ch.
46B. (Vernon Supp. 2009).

 





[3] See Tex.
Code Crim. Proc. Ann. ch. 46C. (Vernon 2006).





[4] See Tex.
Code Crim. Proc. Ann. art.
42.12(9) (Vernon Supp. 2009).

 





[5] Further reference to the Rules of Appellate Procedure
will be by reference to “Rule ___.”





[6] Further reference to the Texas Criminal Procedure
Code shall be by reference to “art. ___.”

 





[7]Most of appellant’s argument regarding the sua sponte duty
of the trial court is premised upon the proposition that “irresistible impulse”
should be a part of the insanity defense in the State of Texas.  However, “irresistible impulse” is not now,
nor has it ever been, recognized as a part of the affirmative defense of
insanity by the jurisprudence of the State of Texas.  See Freeman v. State, 317 S.W.2d 726, 730 (Tex.Crim.App.
1958).  For this court to include such a
doctrine into the affirmative defense doctrine of insanity would involve this Court
making the law and not simply insuring that the law is followed.  See Rodriguez v. State, 953
S.W.2d 342, 353 (Tex.App.—Austin 1997, pet. ref’d) (citing Turner v. Cross, 18 S.W. 578, 579
(1892)).  This we cannot do.