Opinion issued July 1, 2004











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00291-CR




ROBERT LOUIS ALLEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 915685




MEMORANDUM OPINION

          A jury found appellant, Robert Louis Allen, guilty of murder and assessed 
punishment at 20 years’ confinement. In two points of error, appellant contends that
(1) appellant’s trial counsel was ineffective because counsel did not object when the
State improperly posed a commitment question during voir dire, and (2) the trial court
erred by allowing a State witness to testify when the State failed to provide ten days’
notice in accordance with the trial court’s discovery order. We affirm.
Ineffective Assistance of Counsel
Factual Background
          During voir dire, the prosecutor addressed the punishment issue of sudden
passion, explaining “sudden passion” and “adequate cause” as they are defined in the
punishment phase jury instructions. Subsequently, the prosecutor proceeded as
follows:
The deal about sudden passion is timing. Timing is everything. It’s
immediate. Let me just sort of give you a hypothetical on it. Bob’s
going hunting. Him and his buddies go on a hunting trip [sic] there’s
about six guys going. The wife’s going, “Yeah, go, go, go. I’ll be fine
here this weekend.” So he doesn’t think anything of it. He’s getting his
gear together and he goes and at the very last moment his best friend
says, “I can’t go. I’ve got to work.” So Bob doesn’t really think
anything about it. 
He goes off to his hunting trip and the weather is not great and he
says, “Hey, I think I’m going to go home.” So he drives home. He
leaves the guys there. And he opens the door and he’s got his rifle slung
over his shoulder and he’s got his duffel bag and he’s walking in. 
Lights are off. He sort of hears something. He walks into the bedroom
and who does he see? His best friend and his wife in bed. Bob does not
think one second. He drops his bag, he pulls the rifle down, he shoots. 
Now, who thinks that is sudden passion? Was that immediate? 
Immediate, first row? Sudden passion?
Now, let me sort of change it on you. Bob, same thing, comes
home, he’s got his duffel bag and his rifle. He puts them down by the
front door. Lights are out, quiet. He walks up, he hears something. He
looks and sees, he goes back down and he’s just like sitting down and
waiting. He’s just like, “I just can’t believe it.” A minute passes, a
couple minutes more. He’s like, “I’ll fix this,” and he goes and gets his
rifle, bang, bang. Now, is that sudden passion? Was that immediate?

          The prosecutor then asked the panel members for their opinion as to whether
or not the second scenario constituted sudden passion. Appellant’s defense counsel
did not object to this line of questioning. Instead, defense counsel employed the
State’s hypothetical during the defense’s voir dire examination. Specifically, defense
counsel inquired:
I want to go back to the very last question where she went down the row
and asked you about you coming home, Bob’s in the bedroom with your
wife, you go to the living room, sit down, think about it. Let’s say 30
minutes you’re sitting in your living room, you’re devastated. Rifle is
there. You’re sitting there. Bob comes down the hallway, sees you and
you stand up and Bob comes over and just knocks you on the floor and
you get up and you shoot Bob. No. 1, do you think that’s sudden
passion? 

          During the punishment phase, the trial court instructed the jury about sudden
passion. Thereafter, the jury decided that appellant was not under the immediate
influence of sudden passion arising from an adequate cause when appellant caused
the complainant’s death. 
Analysis
          To prove ineffective assistance, a defendant must show, by a preponderance of
the evidence, that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687
104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). The defendant must overcome the strong presumption that the
challenged action might have been sound trial strategy. Thompson, 9 S.W.3d at 813. 
We will not speculate to find trial counsel ineffective when the record is silent as to
counsel’s reasoning or strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Accordingly, assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002). 
          Appellant asserts that his trial counsel was ineffective because counsel failed
to object when the State posed a commitment question during voir dire. Specifically,
appellant contends that, in using the above-described hypothetical, the State
improperly committed the panel members concerning the immediacy element of
sudden passion, thus allowing the State to eliminate those appearing receptive to “the
ultimate defense issue in the case.” Even assuming, without deciding, that the State’s
hypothetical and related questions constituted improper commitment questioning,
appellant still must overcome a strong presumption that counsel’s failure to object to
the State’s hypothetical might have been sound trial strategy. See Thompson, 9
S.W.3d at 813. 
          The record reveals that, during the defense’s voir dire examination, appellant’s
trial counsel used the State’s hypothetical, altering the scenario’s time frame to 30
minutes, and like the prosecutor, inquired whether the panel members believed it
constituted sudden passion. Appellant’s defense counsel further used the State’s
hypothetical to inquire whether the panel members could consider probation in a
murder case. Rather than objecting to the State’s hypothetical, appellant’s trial
counsel instead converted it to the defense’s use during its own voir dire examination.
          On these facts, we conclude that counsel’s decision not to object to the State’s
hypothetical scenarios and related questions was not deficient or lacking in tactical
or strategical decision-making so as to overcome the presumption that counsel’s
performance was reasonable and professional. See Bone, 77 S.W.3d at 833. 
Moreover, even if counsel’s performance was deficient, appellant presents no
evidence that, but for counsel’s omission, the result of the proceeding would have
been different. Strickland, 466 U.S. at 687. Accordingly, we overrule appellant’s
first point of error. 
Disclosure of State’s Witness 
Factual Background
          On February 4, 2003, appellant moved in limine, requesting that the trial court
exclude all extraneous-offense evidence not alleged in the indictment, on the basis
that the State failed to comply with the trial court’s discovery order. The order 
required the State to furnish extraneous offense evidence to appellant at least 10 days
prior to trial. With respect to the State’s witness, D. Dixon (Dixon), appellant alleged
that his testimony should have been excluded because the State disclosed Dixon as
a witness to the shooting merely six days prior to trial. 
          At a hearing outside the presence of the jury, defense counsel complained that
six days is not reasonable notice and that appellant was unfairly surprised. The
prosecutor responded that, on January 30, 2003, the same day she learned that Dixon
was a witness to the crime, she notified defense counsel and issued a subpoena for
Dixon.


 Before ruling, the trial court recessed for the day. The next day, the trial
court denied appellant’s motion and allowed Dixon’s testimony. 
Analysis
          We review the trial court’s decision to permit Dixon’s testimony under an
abuse of discretion standard. Wood v. State, 18 S.W.3d 642, 649 (Tex. Crim. App.
2000) (citing Nobles v. State, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992)). If a trial
court allows a witness who does not appear on the State’s witness list to testify, we
consider whether the prosecutor’s actions constitute “bad faith” and whether the
defendant could have reasonably anticipated the witness’s testimony. Id. (citing
Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993)). The ability of a
defendant reasonably to anticipate that the witness would testify is merely a factor to
be considered; it is not, by itself, determinative of whether the trial court abused its
discretion. Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989), disapproved
of on other grounds, Leday v. State 983 S.W.2d 713 (Tex. Crim. App. 1998). 
          In the instant case, appellant admits that the State did not act in bad faith. The
record shows that the prosecutor disclosed Dixon’s name to defense counsel as soon
as she learned of Dixon’s existence. Under these circumstances, we hold that the
State did not act in bad faith. See Martinez, 867 S.W.2d at 39 (no showing of bad
faith where defense counsel promptly notified when witness was located); Nobles,
843 S.W.2d at 515 (no showing of bad faith where no indication that the State was
attempting to deceive the defense). 
          Appellant contends that the defense could not have reasonably anticipated
Dixon’s testimony. Specifically, appellant complains that there was no mention of
Dixon in the police report, and that defense counsel did not learn of Dixon until five
days before trial. Even then, appellant asserts, defense counsel did not know the
nature of Dixon’s testimony. Appellant further complains that the trial court did not
offer defense counsel additional time to interview or investigate Dixon, and, thus, that
defense counsel could not have anticipated or prepared for Dixon’s testimony. 
          In Stoker v. State, the trial court granted Stoker’s pretrial motion requesting
that the State be required to provide him with the names of all the witnesses the State
intended to call. Stoker, 788 S.W.2d at 14. During the guilt-innocence phase of
Stoker’s trial, the State called a surprise witness to testify. Id. Stoker filed a motion
for continuance, claiming surprise and that he was unable to prepare for cross-examination. Id. The trial court overruled the motion for continuance, but allowed
Stoker the opportunity to question the witness before he was called to testify. Id. The
trial court also ordered the State to furnish defense counsel with the witness’s
criminal record prior to cross-examination. Id. at 15. Defense counsel had an
overnight recess in which to investigate the witness and prepare his cross-examination. Id. As in the instant case, Stoker made no claim of bad faith on the part
of the State. Id. Under those facts, the Court of Criminal Appeals held that the trial
court did not abuse its discretion in allowing the witness to testify. Id. (discussing
similar facts in Bridge v. State, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986)). 
          In the instant case, the State disclosed Dixon to defense counsel on Thursday,
January 30, 2003, five days prior to the start of the State’s case-in-chief, a date six
days before it actually called Dixon. The record reveals that defense counsel neither
requested additional time, nor did he move for a continuance. Instead, on February
4, 2003, five days after Dixon was disclosed, appellant filed his motion in limine
seeking to exclude Dixon’s testimony. During the hearing on appellant’s motion,
defense counsel informed the trial court that he had attempted to interview Dixon, but
that Dixon declined to speak to him. 
          Because defense counsel had five days to interview and investigate Dixon, and
did not seek a continuance of the trial setting, we conclude that appellant had
sufficient time to prepare for Dixon’s testimony. See Wood, 18 S.W.3d at 650. Thus,
we hold that the trial court did not abuse its discretion by allowing Dixon’s testimony. 
Accordingly, we overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court.
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Bland and Sullivan.



Do not publish. Tex. R. App. P. 47.2(b).