COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-08-033-CR

       
2-08-034-CR 

       
2-08-035-CR

        2-08-036-CR

 

 

JASON LEE WILLIAMS                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Jason Lee Williams appeals from his
convictions for burglary of a habitation (two counts), fraudulent use or
possession of identifying information, and engaging in organized criminal
activity.  In one point, he argues that
the trial court erred by admitting testimony at the punishment phase regarding
the sentences received by Appellant=s
codefendants and about the criminal histories of Appellant=s family
members.  We affirm.

                                            Background

Appellant entered an open plea of guilty to the
charged offenses, and punishment was tried to the trial court.  Appellant offered testimony from his mother,
Jackie Williams; she generally testified that Appellant was a good candidate
for community supervision.  On
cross-examination, the State asked Jackie about the sentences Appellant=s
codefendants had already received; Appellant did not object to this
testimony.  The prosecutor also asked
Jackie, ANobody
else in your family has been in trouble with the law, have they?@  Appellant objected as to relevance, and the
trial court overruled his objection.  Jackie
answered, AMy son has a DWI, my other son@ and
that no family member had Afelony
trouble.@

The trial court sentenced Appellant to three
concurrent twenty-year terms for the burglary and organized crime convictions
and one year for the fraudulent use or possession of identifying information
conviction.  Appellant filed motions for
new trial in each case, in which he objected for the first time to Jackie=s
testimony about his codefendants=
sentences.  The motions for new trial
were overruled by operation of law, and Appellant filed these appeals.








                                             Discussion

Although Appellant couches his sole complaint on
appeal in terms of the denial of his motions for new trial, his real complaint
is that the trial court erred by admitting Jackie=s
testimony as set forth above.  We review
a trial court=s decision to admit or to
exclude evidence under an abuse of discretion standard.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000).  We review the
denial of a motion for new trial under the same standard.  State v. Herndon, 215 S.W.3d 901, 906B07 (Tex.
Crim. App. 2007).  A trial court does not
abuse its discretion as long as its decision is within the zone of reasonable
disagreement.  Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh=g).








With regard to Jackie=s
testimony about Appellant=s codefendants=
sentences, Appellant waived his complaint by failing to object to the testimony
at trial.  To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  To be
timely, an objection must be raised at the earliest opportunity or as soon as
the ground of objection becomes apparent. 
Martinez v. State, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993), cert.denied,
512 U.S. 1246 (1994).  A motion for new
trial  will not preserve a complaint for
appeal if the defendant had an earlier opportunity to raise the complaint and
failed to do so.  Hardeman v. State,
1 S.W.3d 689, 690 (Tex. Crim. App. 1999). 
Because Appellant did not object to the testimony in question and raised
his complaint for the first time in his motion for new trial, he failed to
preserve the complaint for our review.  See
Tex. R. App. P. 33.1(a)(1).

With regard to Jackie=s
testimony about her family=s
criminal history, Appellant did lodge a timely objection as to relevancy.  Evidence is relevant if it has any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401.








Under the circumstances, we cannot say that the
trial court=s decision to overrule Appellant=s
relevancy objection was beyond the zone of reasonable disagreement.  See Montgomery, 810 S.W.2d at
380.  One of the issues before the trial
court was whether Appellant was a suitable candidate for community
supervision.  Jackie testified that if
the trial court placed Appellant on community supervision, he would work as a
welder with his father and grandfather. 
The character and criminal background of the family members with whom
Appellant would work and associate is arguably relevant to his suitability for
community supervision.  See, e.g.,
Tex. Code Crim. Proc. Ann. art. 42.12, ' 11(a)(3)
(Vernon Supp. 2008) (listing Aavoid[ing]
persons . . . of disreputable or harmful character@ as
basic condition of community supervision). 
We therefore hold that the trial court did not abuse its discretion by
overruling Appellant=s relevancy objection and
denying his motionS for new trial on the same complaint.

                                             Conclusion

Having overruled Appellant=s sole
point, we affirm the trial court=s
judgments.

PER
CURIAM

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 12, 2009

 











[1]See Tex. R. App. P. 47.4.