

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


### NOS. 2-08-033-CR
### 2-08-034-CR
### 2-08-035-CR
### 2-08-036-CR


JASON LEE WILLIAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jason Lee Williams appeals from his convictions for burglary of a habitation (two counts), fraudulent use or possession of identifying information, and engaging in organized criminal activity. In one point, he argues that the trial court erred by admitting testimony at the punishment phase

---

[1] *See* Tex. R. App. P. 47.4.

regarding the sentences received by Appellant's codefendants and about the criminal histories of Appellant's family members. We affirm.

## Background

Appellant entered an open plea of guilty to the charged offenses, and punishment was tried to the trial court. Appellant offered testimony from his mother, Jackie Williams; she generally testified that Appellant was a good candidate for community supervision. On cross-examination, the State asked Jackie about the sentences Appellant's codefendants had already received; Appellant did not object to this testimony. The prosecutor also asked Jackie, "Nobody else in your family has been in trouble with the law, have they?" Appellant objected as to relevance, and the trial court overruled his objection. Jackie answered, "My son has a DWI, my other son" and that no family member had "felony trouble."

The trial court sentenced Appellant to three concurrent twenty-year terms for the burglary and organized crime convictions and one year for the fraudulent use or possession of identifying information conviction. Appellant filed motions for new trial in each case, in which he objected for the first time to Jackie's testimony about his codefendants' sentences. The motions for new trial were overruled by operation of law, and Appellant filed these appeals.

**Discussion**

Although Appellant couches his sole complaint on appeal in terms of the denial of his motions for new trial, his real complaint is that the trial court erred by admitting Jackie's testimony as set forth above. We review a trial court's decision to admit or to exclude evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We review the denial of a motion for new trial under the same standard. *State v. Herndon*, 215 S.W.3d 901, 906–07 (Tex. Crim. App. 2007). A trial court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g).

With regard to Jackie's testimony about Appellant's codefendants' sentences, Appellant waived his complaint by failing to object to the testimony at trial. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of objection becomes apparent. *Martinez*

3

*v. State*, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993), *cert.denied*, 512 U.S. 1246 (1994). A motion for new trial will not preserve a complaint for appeal if the defendant had an earlier opportunity to raise the complaint and failed to do so. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Because Appellant did not object to the testimony in question and raised his complaint for the first time in his motion for new trial, he failed to preserve the complaint for our review. *See* Tex. R. App. P. 33.1(a)(1).

With regard to Jackie's testimony about her family's criminal history, Appellant did lodge a timely objection as to relevancy. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401.

Under the circumstances, we cannot say that the trial court's decision to overrule Appellant's relevancy objection was beyond the zone of reasonable disagreement. *See Montgomery*, 810 S.W.2d at 380. One of the issues before the trial court was whether Appellant was a suitable candidate for community supervision. Jackie testified that if the trial court placed Appellant on community supervision, he would work as a welder with his father and grandfather. The character and criminal background of the family members with whom Appellant would work and associate is arguably relevant to his

4

suitability for community supervision.  *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(3) (Vernon Supp. 2008) (listing "avoid[ing] persons . . . of disreputable or harmful character" as basic condition of community supervision).  We therefore hold that the trial court did not abuse its discretion by overruling Appellant's relevancy objection and denying his motionS for new trial on the same complaint.

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgments.

PER CURIAM

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 12, 2009

5