NUMBER 13-09-00643-CR

 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

 

DEANN
FLOYD,                                                                             Appellant,

 



v.

 

THE STATE OF TEXAS,                                                               Appellee.

 



 

On appeal from the 94th District Court

of Nueces County, Texas

____________________________________________________

 

MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes

Memorandum Opinion by Justice Perkes

 

            Appellant, Deann Floyd, appeals her conviction for felony
theft (habitual felony offender), a second-degree felony.  See Tex. Penal Code Ann. § 31.03 (a),(b),
(e)(4)(D) (West 2010).  A jury found appellant guilty and sentenced her to
twelve years confinement in the Institutional Division of the Texas Department
of Criminal Justice.  By one issue, Floyd argues that the prosecutor should not
have been allowed to instruct the jury panel to consider her body language, if
Floyd chose not to testify at trial.  Floyd contends that the instruction
violates Article 38.08 of the Texas Code of Criminal Procedure and the Fifth
and Sixth Amendments to the United States Constitution.  We affirm.[1]

I.  BACKGROUND

            At the time of the offense, a plain clothes security
officer observed Floyd remove three bottles of perfume from boxed gift sets,
place the bottles in her jacket pocket without paying for the items, and leave
the store.  The officer testified Floyd displayed darting eyes, the jitters,
and was seemingly scared of anyone being around.  The officer further testified
that when he approached Floyd and identified himself, she acted scared, dropped
the bottles, and resisted apprehension.  Floyd did not testify at trial.  

            The jury found that Floyd intentionally or knowingly
appropriated tangible personal property of a value less than $1500 by acquiring
and otherwise exercising control over the property without the effective
consent of the owner and with the intent to deprive the owner of the property. 
In addition, the jury found that Floyd was previously convicted two times for
theft.  The court entered judgment in accordance with the verdict.  This appeal
followed.   

 

II. Discussion

             Floyd argues that, despite the absence of any objection,
the trial court erred by failing to cure error after the prosecutor was allowed
to instruct the jury panel to consider Floyd’s non-verbal body language if
Floyd did not testify at trial.  Floyd contends that the instruction
constitutes fundamental error.  More specifically, she argues that the
instruction violates Article 38.08 of the Texas Code of Criminal Procedure and
the Fifth Amendment because it was a comment on her failure to testify, and the
Sixth Amendment because it affected her right to a trial before an impartial
jury.[2] 
The prosecutor made the following statement during voir dire, of which Floyd
complains:

there’s a mental state which means
that someone intentionally or knowingly take the property.  Now, how do you
tell if someone did something intentionally or knowingly?  Well, sometimes
they’ll say “Yes, I did this intentionally” or, “No, I didn’t,” but no one has
to give a statement in a criminal case, and if they do you can consider; if
they don’t, you just don’t consider.  

 

Same with someone’s testifying.  If
they testify they’re just like any other witness.  If they don’t testify you
just ignore it.  You don’t give them any extra weight because they don’t, you
just say, “Well, I think she would have said this.”  You just don’t consider it
at all.

 

But you look at their actions.  You
tell by their conduct, their body language, the circumstances, and they say
that most communication is nonverbal and that’s what you look at . . . .”

 

            To preserve a complaint for appellate review,
a defendant must have presented to the trial court, a timely request,
objection, or motion stating the specific grounds for the ruling desired. See
Tex. R. App. P. 33.1; Martinez v. State, 867
S.W.2d 30, 35 (Tex. Crim. App. 1993).  Almost every right, constitutional and statutory, may be waived by the failure to object. See
Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Absent a timely objection, complaints
about a prosecutor’s inflammatory arguments or about his reference to a
defendant’s failure to testify are waived.  See Tex. R. App. P. 33.1; Threadgill v. State, 146 S.W.3d
654, 670 (Tex. Crim. App. 2004); Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004) (citing Dragoo v. State, 96 S.W.3d 308, 313 (Tex.
Crim. App. 2003)).  Absent an objection, a defendant waives error unless the error is fundamental—that is, the error creates egregious harm.  Ganther v. State, 187 S.W.3d 641, 650
(Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Egregious harm is
such harm that a defendant has not had a fair and
impartial trial.  Tex. R. Evid. 103(d); Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1984).  

Floyd did not make any of her complaints
on appeal in the trial court, and the prosecutor’s comments do not amount to
fundamental error.  A prosecutor’s comment amounts to a comment on a
defendant’s failure to testify only if the prosecutor manifestly intends the
comment to be, or the comment is of such character that a typical jury would
naturally and necessarily take it to be a comment on the defendant’s failure to
testify.  Wead, 129 S.W.3d at 130 (citing United States v. Jefferson,
258 F.3d 405, 414 (5th Cir. 2001)); Bustamente v. State, 48 S.W.3d
761, 765 (Tex. Crim. App. 2001).  

Nothing in the record suggests the
prosecutor manifestly intended to comment on Floyd’s failure to testify, and
the typical jury would not have naturally and necessarily understood the
prosecutor’s comment to refer to Floyd’s failure to testify.  Rather, the
record, when reviewed in context, shows that the prosecutor’s comments
naturally and necessarily refer to Floyd’s behavior at the scene of the crime,
not in the courtroom at the trial of this cause.  Wead, 129 S.W.3d at
130.  Regardless, Floyd waived this issue on appeal.  See Tex. R. App. P. 33.1.  Floyd’s sole issue
is overruled.

III. CONCLUSION

We affirm the trial court’s judgment.

                                                                                    ______________________________

                                                                                    Gregory T. Perkes

                                                                                    Justice

 

Do not publish.  See Tex.
R. App. P. 47.2(b).

Delivered and filed the   

22nd day of August, 2011.               

 

      

             

            

 









[1] Floyd’s original appellate counsel filed an Anders
brief, see Anders v. California, 386 U.S. 738 (1976), but later
withdrew because of new employment.  Floyd’s substituted appellate counsel
filed an amended brief, which states:  “the original appellant’s brief is
hereby adopted by reference as though such facts, elements, and arguments were
set forth herein . . . .”  The
United States Supreme Court has advised appellate courts that upon receiving a
“frivolous appeal” brief, they must conduct “a full
examination of all the proceedings to decide whether the case is wholly
frivolous.” Penson v. Ohio, 488 U.S. 75, 80 (1988);
see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.—Corpus
Christi 2003, no pet.). Accordingly, as to the issues set forth in the Anders
brief, we have carefully reviewed the entire record and have found nothing
that would arguably support an appeal as to those issues. See Bledsoe v.
State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). 

    





[2] Article
38.08 provides:  “Any defendant in a criminal action shall be permitted to
testify in his own behalf therein, but the failure of any defendant to so
testify shall not be taken as a circumstance against him, nor shall the same be
alluded to or commented on by counsel in the cause.”  Tex. Code Crim. Proc. art. 38.08 (West 2010). The Fifth
Amendment generally prohibits a prosecutor from making adverse comments about a
defendant’s decision not to testify at trial.  U.S. Const. Amend V; see Griffin v. California,
380 U.S. 609, 611–12 (1965).  The Sixth Amendment gives the accused the right to confront the witnesses against him, and states, in relevant part, that “[i]n all
criminal prosecutions, the accused shall enjoy the right to. . . an impartial
jury. . . ” U.S. Const. Amend VI; see Pointer v. Texas, 380 U.S. 400, 403 (1965).