

# NUMBER 13-09-00643-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**DEANN FLOYD,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

_____

**On appeal from the 94th District Court
of Nueces County, Texas**

_____

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Deann Floyd, appeals her conviction for felony theft (habitual felony offender), a second-degree felony. See TEX. PENAL CODE ANN. § 31.03 (a),(b), (e)(4)(D) (West 2010). A jury found appellant guilty and sentenced her to twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice. By one issue, Floyd argues that the prosecutor should not have been allowed to instruct

the jury panel to consider her body language, if Floyd chose not to testify at trial. Floyd contends that the instruction violates Article 38.08 of the Texas Code of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution. We affirm.[1]

## I. BACKGROUND

At the time of the offense, a plain clothes security officer observed Floyd remove three bottles of perfume from boxed gift sets, place the bottles in her jacket pocket without paying for the items, and leave the store. The officer testified Floyd displayed darting eyes, the jitters, and was seemingly scared of anyone being around. The officer further testified that when he approached Floyd and identified himself, she acted scared, dropped the bottles, and resisted apprehension. Floyd did not testify at trial.

The jury found that Floyd intentionally or knowingly appropriated tangible personal property of a value less than $1500 by acquiring and otherwise exercising control over the property without the effective consent of the owner and with the intent to deprive the owner of the property. In addition, the jury found that Floyd was previously convicted two times for theft. The court entered judgment in accordance with the verdict. This appeal followed.

---

[1] Floyd's original appellate counsel filed an *Anders* brief, *see Anders v. California,* 386 U.S. 738 (1976), but later withdrew because of new employment. Floyd's substituted appellate counsel filed an amended brief, which states: "the original appellant's brief is hereby adopted by reference as though such facts, elements, and arguments were set forth herein . . . ." The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio,* 488 U.S. 75, 80 (1988); *see Ybarra v. State,* 93 S.W.3d 922, 926 (Tex. App.—Corpus Christi 2003, no pet.). Accordingly, as to the issues set forth in the *Anders* brief, we have carefully reviewed the entire record and have found nothing that would arguably support an appeal as to those issues. *See Bledsoe v. State,* 178 S.W.3d 824, 826 (Tex. Crim. App. 2005).

2

## II. DISCUSSION

Floyd argues that, despite the absence of any objection, the trial court erred by failing to cure error after the prosecutor was allowed to instruct the jury panel to consider Floyd's non-verbal body language if Floyd did not testify at trial. Floyd contends that the instruction constitutes fundamental error. More specifically, she argues that the instruction violates Article 38.08 of the Texas Code of Criminal Procedure and the Fifth Amendment because it was a comment on her failure to testify, and the Sixth Amendment because it affected her right to a trial before an impartial jury.[2] The prosecutor made the following statement during voir dire, of which Floyd complains:

> there's a mental state which means that someone intentionally or knowingly take the property. Now, how do you tell if someone did something intentionally or knowingly? Well, sometimes they'll say "Yes, I did this intentionally" or, "No, I didn't," but no one has to give a statement in a criminal case, and if they do you can consider; if they don't, you just don't consider.
>
> Same with someone's testifying. If they testify they're just like any other witness. If they don't testify you just ignore it. You don't give them any extra weight because they don't, you just say, "Well, I think she would have said this." You just don't consider it at all.
>
> But you look at their actions. You tell by their conduct, their body language, the circumstances, and they say that most communication is nonverbal and that's what you look at . . . ."

---

[2] Article 38.08 provides: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." TEX. CODE CRIM. PROC. art. 38.08 (West 2010). The Fifth Amendment generally prohibits a prosecutor from making adverse comments about a defendant's decision not to testify at trial. U.S. CONST. Amend V; *see Griffin v. California*, 380 U.S. 609, 611–12 (1965). The Sixth Amendment gives the accused the right to confront the witnesses against him, and states, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to. . . an impartial jury. . . " U.S. CONST. Amend VI; *see Pointer v. Texas,* 380 U.S. 400, 403 (1965).

To preserve a complaint for appellate review, a defendant must have presented to the trial court, a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1; *Martinez v. State,* 867 S.W.2d 30, 35 (Tex. Crim. App. 1993). Almost every right, constitutional and statutory, may be waived by the failure to object. *See Smith v. State,* 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Absent a timely objection, complaints about a prosecutor's inflammatory arguments or about his reference to a defendant's failure to testify are waived. *See* TEX. R. APP. P. 33.1; *Threadgill v. State,* 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); *Wead v. State,* 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) (citing *Dragoo v. State,* 96 S.W.3d 308, 313 (Tex. Crim. App. 2003)). Absent an objection, a defendant waives error unless the error is fundamental—that is, the error creates egregious harm. *Ganther v. State,* 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Egregious harm is such harm that a defendant has not had a fair and impartial trial. TEX. R. EVID. 103(d); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

Floyd did not make any of her complaints on appeal in the trial court, and the prosecutor's comments do not amount to fundamental error. A prosecutor's comment amounts to a comment on a defendant's failure to testify only if the prosecutor manifestly intends the comment to be, or the comment is of such character that a typical jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Wead,* 129 S.W.3d at 130 (citing *United States v. Jefferson,* 258 F.3d 405, 414 (5th Cir. 2001)); *Bustamente v. State,* 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

Nothing in the record suggests the prosecutor manifestly intended to comment on Floyd's failure to testify, and the typical jury would not have naturally and necessarily understood the prosecutor's comment to refer to Floyd's failure to testify. Rather, the record, when reviewed in context, shows that the prosecutor's comments naturally and necessarily refer to Floyd's behavior at the scene of the crime, not in the courtroom at the trial of this cause. *Wead,* 129 S.W.3d at 130. Regardless, Floyd waived this issue on appeal. *See* TEX. R. APP. P. 33.1. Floyd's sole issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2011.

5