

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00025-CR
_____

VONTREQUEL LESA NICKLEBERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2021F00267

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

After a Cass County jury convicted Vontrequel Lesa Nickleberry of murder, it assessed a sentence of fifty years' imprisonment and a $10,000.00 fine. In his sole point of error on appeal, Nickleberry argues that the trial court erred by overruling his objection, during punishment, to still photographs taken from a missing surveillance recording. Because we find that Nickleberry failed to preserve his sole point of error for our review, we affirm the trial court's judgment.

I.      **Relevant Factual Background**

During punishment, the State called Terry Davis, who worked for the Longview Police Department, to testify about an extraneous robbery that occurred on May 10, 2014. Davis said that witnesses at the scene identified the perpetrator as an African American man named "Tre," who Davis came to believe was Nickleberry. According to Davis, the surveillance footage taken during the robbery showed "the suspect raise the front of his shirt" to reveal "a handgun, stuck in his waistband," which he later used to strike the store clerk in the head.[1] Nickleberry asserted a hearsay objection to that testimony, but the trial court overruled it after the State argued that Davis's testimony was "based on his actual observations of the video."

According to Davis, "there was an order of destruction issued by the court[,] and [the surveillance footage] was destroyed." Even so, Davis had saved still photographs taken from the video, which the State proffered. That prompted the following discussion on authentication:

> [BY THE DEFENSE]:  . . . . If there's a judicial action where these videos were destroyed and there are no longer authenticated copies of them, then I don't think they should be admissible at this point. And I don't know what that

---

[1]Davis clarified that, as a result of the incident, Nickleberry was convicted of unlawful carrying of a weapon, not robbery.

2

judicial action was that resulted in them being destroyed. So they can't be authenticated at this point.

[BY THE STATE]: The pictures were authenticated, Judge.

THE COURT: I'm going to overrule your objection. I think he's just authenticated the pictures by his testimony.

After the trial court admitted the screenshots into evidence, the following occurred:

Q      [BY THE STATE] Could you tell the jury what you're observing in those photos?

A      These are screenshots.

. . . .

[BY THE STATE]: Permission to publish, Judge?

THE COURT: You may publish.

[BY THE STATE]: Thank you.

A      These are screenshots of the video. This is where you take a video and you freeze it and you capture the image that's on your screen and you save that image to a .jpeg file and then you take that .jpeg file and you introduce it then to the case file, so you --.

[BY THE DEFENSE]: Your Honor, I'm going to object as to optional completeness. If there's a video out there, it -- you can't go by the still shots if there's a video out there. We want to publish the whole entire video.

THE COURT: That's overruled. He's already testified the video has been destroyed.

3

**II.     Nickleberry Failed to Preserve His Sole Point of Error**

Rule 107 of the Texas Rules of Evidence, known as the rule of optional completeness, states,

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party *may inquire* into any other part on the same subject. An adverse party *may also introduce* any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent.

TEX. R. EVID. 107 (emphasis added).  On appeal, Nickleberry argues that the trial court "**erred by allowing**" the still photographs in violation of the rule of optional completeness.  The State argues that Nickleberry failed to preserve his point of error, and we agree.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)).  We should not address the merits of an issue if it is not preserved. *Id.* at 532–33.  "As a prerequisite to presenting a complaint for appellate review, the record must show that" it "was made to the trial court by a *timely* request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a) (emphasis added). "To be timely, '[t]he objection must be made at the earliest possible opportunity.'" *Davison v. State*, 602 S.W.3d 625, 648 (Tex. App.—Texarkana 2020, pet. ref'd) (alteration in original) (quoting *Martinez v. State*, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993)).  Further, a "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

The reporter's record shows that, although Nickleberry made hearsay and authentication[2] objections to Davis's photographs taken from the video surveillance footage, he did not make any complaint about the rule of optional completeness until after the photographs were admitted into evidence. Instead, the record seems to suggest that the photographs were published before Davis's objection. As a result, we find that Davis's objection about the rule of optional completeness was untimely.

Moreover, as the State notes, Nickleberry "want[ed] to publish the . . . entire video" under the rule of optional completeness at trial but now complains about the admission of the photographs on appeal. As a result, the State argues, and we conclude, that Nickleberry's point of error on appeal does not comport with his trial objection.

Nickleberry's sole point of error is unpreserved; therefore, we overrule it.

III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     October 4, 2023
Date Decided:       October 5, 2023

Do Not Publish

_____

[2]Davis makes no appellate argument about hearsay or authentication.

5